# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:19CR00006-002 |
| ) | Case No. 2:19CR00010-002 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **OMAR KAREEM BANKS,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jonathan Jones, Assistant United States Attorney, Roanoke, Virginia, for United States; Dennis E. Jones, DENNIS E. JONES, PLC, Abingdon, Virginia, for Defendant.*

After a four-day jury trial, the defendant was found guilty of drug trafficking and firearms charges. He has filed a timely motion for judgment of acquittal or in the alternative for a new trial. The motion has been fully briefed and is ripe for decision. The motion will be denied.

The defendant was charged with three separate counts in Case No. 2:19CR00006. Count One charged him with conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A); Count Ten charged him with knowingly possessing with intent to distribute 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and Count Eleven charged him with knowingly using and

carrying a firearm in relation to, or possessing in furtherance of, a drug trafficking crime as charged in Count Ten, in violation of 18 U.S.C. § 924(c). In Case No. 2:19CR00010, Banks was charged in Count Two with knowingly possessing a firearm while knowing that he had been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).[1] The jury convicted the defendant of all counts.

In his present motion, the defendant contends that the evidence was insufficient to sustain the verdicts as to all charges and he should be acquitted, or in the alternative, that the weight of the evidence entitles him to a new trial.

Denial of a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "is proper where, viewed in the light most favorable to the prosecution, substantial evidence supports a guilty verdict." *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018). Substantial evidence means the evidence was sufficient for a reasonable jury to find proof beyond a reasonable doubt of each element of each offense. *Id.* In undertaking this analysis, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *United States v. Palacios*, 677 F.3d 234, 250 (4th Cir. 2012) (internal quotation marks and citation omitted). The court should consider "circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v.*

---

[1] The two separate cases were joined for trial. *See* Fed. R. Crim P. 13.

*Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). I must consider the evidence "in cumulative context," rather than "in a piecemeal fashion." *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996). This standard presents a "heavy burden" for defendants, and judgment of acquittal is only appropriate when "the prosecution's failure is clear." *United States v. Pinson*, 860 F.3d 152, 161 (4th Cir. 2017) (internal quotation marks and citation omitted).

Rule 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that the jury's verdict was against the manifest weight of the evidence." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (internal quotation marks, citations and alteration omitted). "When the evidence weighs so heavily against the verdict that it would be unjust to enter judgment, the court should grant a new trial." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985)

For the reasons set forth in the government's brief in opposition, I find that pursuant to the standards governing Rule 33 motions, the evidence amply supported the defendant's conviction by the jury on all counts. Thus, judgment of acquittal is not appropriate. Moreover, even when evaluating the weight of the evidence, I find that it would not be in the interest of justice to grant a new trial, in light of the strength of the government's case.

Accordingly, it is **ORDERED** that the defendant's motion, Case No. 2:19CR00006, ECF No. 666, and Case No. 2:19CR00010, ECF No. 166, is DENIED.

    ENTER: February 24, 2020

    /s/ JAMES P. JONES
    United States District Judge