CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

April 08, 2026

LAURA A. AUSTIN, CLERK
BY:  s/ FELICIA CLARK
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case Nos. 2:19CR00006-002 |
| | ) 2:19CR00010-002 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **OMAR KAREEM BANKS,** | ) JUDGE JAMES P. JONES |
| | ) |
| | ) |
| Defendant. | ) |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Omar Kareem Banks, Pro Se Defendant.*

The defendant, Omar Kareem Banks, has filed Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the ground that the Federal Bureau of Prisons (BOP) has failed to provide him with adequate post-operative care following a prostatectomy.  For the reasons discussed below, his motions will be denied.

I.

These motions involve two separate cases.[1]  In Case No. 2:19CR00006, Banks was charged with conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)

---

[1]  The two cases were joined for trial.  Fed. R. Crim. P. 13.

(Count One); knowingly possessing with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count Ten); and knowingly using and carrying a firearm in relation to, or possessing in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Eleven). In Case No. 2:19CR00010, Banks was charged with knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two). After a jury convicted Banks on all counts, I sentenced him on February 27, 2020, to 240 months imprisonment and ten years of supervised release. The Fourth Circuit subsequently affirmed Banks' conviction. *United States v. Banks*, 29 F.4th 168 (4th Cir. 2022). Banks is currently incarcerated at FCI Butner with a projected release date of April 2, 2036.

On January 21, 2021, Banks filed a pro se Motion for Compassionate Release which I denied without prejudice for failure to demonstrate exhaustion of his administrative remedies. Dkt. Nos. 1056, 1071. Banks filed a motion on February 8, 2024, seeking a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines. Dkt. No. 1142. I denied the motion upon finding that he was ineligible for such a reduction. Dkt. No. 1162. On October 27, 2025, Banks filed his second Motions for Compassionate Release. Dkt. Nos. 1208, 1209.[2] The government has

---

[2]    Banks filed identical Motions for Compassionate Release in Case No. 2:19CR00006 (Dkt. Nos. 1208, 1209) and 2:19CR00010 (Dkt. Nos. 299, 300). The docket numbers in this Opinion and Order reflect filings in Case No. 2:19CR00006.

-2-

responded in opposition to his release.  Dkt. Nos. 1214, 1229.  Banks has now exhausted his administrative remedies, and the motions are ripe for review.

## II.

The statute governing compassionate release provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction," and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Notwithstanding a finding of an extraordinary and compelling circumstance, the court must still consider whether the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) counsel in favor of relief.  *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

## III.

Banks was diagnosed with Stage IIB-IIC prostate cancer and underwent a prostatectomy on March 8, 2025.  He argues that his prostate cancer is a serious medical condition that constitutes an extraordinary and compelling circumstance under USSG § 1B1.13(b)(1)(A),[3] and that the BOP has failed to provide him with

---

[3] Banks states that his prostate cancer is "a serious and *potentially* life-threatening condition."  Def.'s Mot. 2, Dkt. No. 1209 (emphasis added).  However, under USSG § 1B1.13(b)(1)(A), the provision Banks cites to in his Motions, a defendant must be suffering from a "terminal illness" for the medical condition to constitute an extraordinary and compelling circumstance.  Based on Banks' arguments, the most applicable provision of the USSG appears to be § 1B1.13(b)(1)(C), which states that an extraordinary and compelling circumstance exists when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

adequate post-operative medical care.  At the time of filing the instant motions, Banks was housed at FCI Fort Dix.  By the time Banks filed his Reply, he was housed at FCI Atlanta given that the BOP was in the process of transferring him from FCI Fort Dix to FCI Butner, a BOP medical facility.  In his Reply, Banks stated that he had been in transit for over two months, that FCI Atlanta was "a non-medical facility that lacks oncological resources," and that the "prolonged transit has compounded [his] medical risks."  Def.'s Reply 5, Dkt. No. 1227.

Current BOP records indicate that Banks has been transferred to FCI Butner. BOP, https://www.bop.gov/inmateloc/ (last visited April 8, 2026).  I thereby find Banks' arguments as to the adequacy of care at FCI Fort Dix and FCI Atlanta to be moot.  Banks did discuss his likely transfer to FCI Butner in his present motions, highlighting criticism the facility has faced for the quality of medical care provided to inmates.  But Banks' criticism of FCI Butner preceded his transfer to the facility. In other words, he has not alleged the adequacy of the medical treatment he is currently receiving at FCI Butner.  *See, e.g.*, *United States v. Carroll*, No. 20-16 (JEB), 2025 WL 2061669, at *3 (D.D.C. July 23, 2025) (dismissing "speculative evidence" that "does not demonstrate that Defendant will not in fact receive the treatments necessary to manage his conditions while incarcerated."); *United States v. Pigott*, No. 2:21-CR-00013-RAJ, 2023 WL 8020794, at *4 (W.D. Wash. Nov. 20, 2023) (denying a defendant's motion for compassionate release after finding that he

"failed to address how the conditions at FCI Sheridan have impacted him *personally* and instead describes the conditions of confinement more generally") (emphasis added). Because Banks has not presented an extraordinary and compelling circumstance warranting relief, I need not consider the 18 U.S.C. § 3553(a) factors.

IV.

For the foregoing reasons, it is **ORDERED** that the Motions for Compassionate Release, Dkt. Nos. 1208, 1209 (Case No. 2:19CR00006-002) and Dkt. Nos. 299, 300 (Case No. 2:19CR00010-002), are DENIED.

ENTER:  April 8, 2026

/s/  JAMES P. JONES
Senior United States District Judge